UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GERARD FRANK SCOTT, ) | CASE NO. 1:11 CV 2513 |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CITY OF BEDFORD HEIGHTS, et al., ) | AND ORDER |
| Defendants. ) | |

On November 18, 2011, plaintiff *pro se* Gerard Frank Scott filed this action against the City of Bedford Heights, Daniel S. Pocek, the State of Ohio, Steven C. Hollon, and John Does 1-5. The complaint, also termed by plaintiff as "Negative Avertment with Opportunity to Cure and Claim, Saving the Suitor," seeks a "remedy in Admiralty." While it is certainly unclear, plaintiff apparently seeks to challenge charges pending against him in the Bedford Municipal Court.[1]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the

---

[1] A document filed by plaintiff on November 22, 2011 ("Constitutional Court of Record" - ECF #2), contains attachments showing a capias for plaintiff's arrest has been issued by the Bedford Municipal Court in *State v. Gerard F. Scott*, Bedford Case No. 11CRB1248.

elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the complaint does not contain allegations reasonably suggesting plaintiff might have a valid claim, *see, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief), or even that a claim over which this court has jurisdiction might exist. This case is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999).

Accordingly, this action is dismissed.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE